# EXHIBIT A

| | | |
|---|---|---|
| 120 - Served | 2121 - Served | |
| 220 - Not Served | 2221 - Not Served | |
| 320 - Served By Mail | 2321 - Served By Mail | |
| 420 - Served By Publication | 2421 - Served By Publication | |
| ☑ SUMMONS | ☐ ALIAS - SUMMONS | (2/18/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

No. 2011-L-008875

DAVID KRISTOFEK

(Name all parties)

v.

VILL OF ORLAND HILLS

**Defendant Address:**
VILL OF ORLAND HILLS
R/A
16033 94TH AVENUE
ORLAND HILLS, IL 60487

**Summons**

☑ SUMMONS  ☐ ALIAS - SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 34048
Name: JEROME FRANK MARCONI JR.
Atty. for: DAVID KRISTOFEK
Address: 555 W. JACKSON SUITE 700
City/State/Zip: CHICAGO, IL 60661
Telephone: (312) 930-5645

WITNESS, Thursday, DOROTHY BROWN, 2011
CLERK OF THE CIRCUIT COURT

/s DOROTHY BROWN
Clerk of Court
SEAL

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

RECEIVED
SEP 22 2011
VILLAGE OF ORLAND HILLS

/s DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| ☑ SUMMONS | ☐ ALIAS - SUMMONS | (2/18/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

No. 2011-L-008875

DAVID KRISTOFEK

v. (Name all parties)

VILL OF ORLAND HILLS

**Defendant Address:**
VILL OF ORLAND HILLS
R/A
16033 94TH AVENUE
ORLAND HILLS, IL 60487

### Summons

To each Defendant: ☑ SUMMONS ☐ ALIAS - SUMMONS

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __801__, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 34048
Name: JEROME FRANK MARCONI JR.
Atty. for: DAVID KRISTOFEK
Address: 555 W. JACKSON SUITE 700
City/State/Zip: CHICAGO, IL 60661
Telephone: (312) 930-5645

WITNESS, Thursday, 25 August 2011
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT

/s DOROTHY BROWN
Clerk of Court
(SEAL)

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

ELECTRONICALLY FILED
8/25/2011 11:18 AM
2011-L-008875
CALENDAR: W
PAGE 1 of 13
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| DAVID KRISTOFEK ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| VILLAGE OF ORLAND HILLS, a Municipal ) | |
| Corporation; and Thomas Scully, Individually and ) | |
| In his Official Capacity; ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

Now Comes the Plaintiff, DAVID KRISTOFEK, by and through his attorneys, Law Offices of Jerome F. Marconi and Richard J. Reimer & Associates LLC, and complaining of the Defendants, VILLAGE OF ORLAND HILLS, a municipal corporation, and Thomas Scully in his individual and official capacities, state as follows:

### PARTIES

1. Plaintiff, David Kristofek, ("Kristofek"), is a citizen of the United States and a resident of Will County, Illinois.

2. Defendant, Village of Orland Hills ("Orland Hills"), is a municipal corporation organized under the laws of the State of Illinois.

3. Police Chief Thomas Scully ("Chief Scully") is a sworn member of the Orland Hills Police Department and acting under color of law and within the scope of his employment as an agent, servant, and/or employee of Defendant Orland Hills.

4. Deputy Chief Michael Blaha ("Deputy Chief Blaha") is a sworn member of the Orland Hills Police Department and acting under color of law and within the scope of his employment as an agent, servant, and/or employee of Orland Hills.

## FACTS COMMON TO ALL COUNTS

5. This is an action brought pursuant to 42 U.S.C. §1983, 42 U.S.C. §1988, the First Amendment to the United States Constitution, and the laws and Constitution of the State of Illinois.

6. The defendant, Orland Hills, hired Kristofek as a part-time police officer in September, 2010. Kristofek faithfully performed his duties as a police officer since being hired by Orland Hills.

7. On November 12, 2010, while on routine patrol, Kristofek entered the license plate of a 2000 Kia automobile in his mobile computer terminal. The electronic records indicated that the registration was suspended on the vehicle.

8. After suspecting a violation of the Illinois Vehicle Code, Kristofek pulled over the 2000 Kia to further investigate the suspended registration. A male was driving the vehicle and his girlfriend was in the front passenger seat.

9. Kristofek requested the driver to produce his driver's license and proof of valid insurance. The driver could not provide proof of a valid insurance policy in violation of the Illinois Vehicle Code. Accordingly, Kristofek wrote traffic two tickets for the traffic offenses of driving with a suspended registration and failing to provide proof of insurance.

10. Pursuant to Orland Hills Police Department arrest policy, Kristofek placed the male driver under arrest and ordered that the vehicle be towed. Additional officers appeared on the scene to assist Kristofek and transport the male driver to the Orland Hills police station.

11. During the arrest, the driver of the 2000 Kia informed the assisting officers that his mother was a former mayor for a nearby town and requested to be released.

12. While still on the street, the driver's girlfriend handed a cell phone to Kristofek

ELECTRONICALLY FILED
8/25/2011 11:18 AM
2011-L-008875
PAGE 2 of 13

and told Kristofek that the driver's mother was on the phone. The driver's mother requested that Kristofek not arrest her son. Kristofek informed the driver's mother that he had no choice since there was a suspended registration on the vehicle, her son could not provide proof of insurance and police department policy required him to arrest her son and tow the car.

13. After arriving at the Orland Hills Police Department, Kristofek began writing the traffic tickets and the arrest paperwork which included a tow report, arrest report and inventory sheet. Kristofek logged into the computer system and commenced entering the driver's booking information.

14. While Kristofek was preparing the paperwork and entering the data into the computer system, Officers Joseph Johnston and Ross Ricobene entered the room and instructed Kristofek to stop what he was doing and give all his paperwork to Deputy Chief Michael Blaha. The officers also instructed Kristofek to delete any information about the driver which had been entered into the computer system.

15. Since Kristofek knew that he made a valid stop and arrest, Kristofek decided to personally speak to Deputy Chief Blaha about Blaha's order to void the arrest of the male driver and not process the traffic tickets. Deputy Chief Blaha told Kristofek, "Did you not understand what you were fucking told." Pursuant to Blaha's direct order, Kristofek gave the documents to Deputy Chief Blaha and released the male driver.

### Events Subsequent to Arrest and Release of Offender

16. Within a couple days of releasing the driver, Kristofek saw Deputy Chief Blaha in the police department's garage. Deputy Chief called Kristofek over and told Kristofek that he had made a good arrest but the driver's release from custody was "... above you and I."

17. Kristofek told Blaha he did not agree with the decision to release the driver

ELECTRONICALLY FILED
8/25/2011 11:18 AM
2011-L-008875
PAGE 3 of 13

3

ELECTRONICALLY FILED
8/25/2011 11:18 AM
2011-L-008875
PAGE 4 of 13

because the driver's mother was politically connected to the Village of Orland Hills. Kristofek was concerned that the unequal application of the law due to political considerations was improper and possible illegal.

18. On or about April 1, 2011, Kristofek participated in an online police training seminar through the Police Law Institute. The following question was posed in the written materials during the training seminar:

> Q: "An officer takes a male into custody and brings him to this agency lockup. When he completes the paperwork, his supervisor takes the papers and tells the officer to allow the male to leave the station. The supervisor intentionally holds the paperwork for the purpose of allowing the arrestee to evade prosecution and does not forward it to either the Clerk's Office or the State's Attorney's Office. There is no penalty listed in the statute that requires the forwarding of paperwork after an arrest has been made. When the supervisor is confronted a month later, he says that he did not commit a crime. Is the supervisor correct?"
>
> A: "Incorrect. The supervisor is not correct because, in a case with similar facts, an Illinois appellate court ruled that a police officer is a public employee under the "official misconduct" statute and can be prosecuted for a violation. (People v. Samel, 451 N.E.2d 892; People v. Weber, 479 N.E.2d 382)"

19. After participating in the online training seminar, Kristofek's concerns about the release of the male driver for political reasons escalated because of the possible criminal and civil liability. Deputy Chief Blaha's comment about releasing of the driver caused Kristofek to believe that the driver evaded prosecution for improper political motives.

20. Kristofek was also concerned that a crime had been, as was being, committed for

4

ELECTRONICALLY FILED
8/25/2011 11:18 AM
2011-L-008875
PAGE 5 of 13

failing to forward the tickets and arrest documents to the Clerk's Office. Since Deputy Chief Blaha assured Kristofek that he made a "good" arrest for clear violations of the Illinois Vehicle Code, there was no basis not to process the arrest.

21. After the training seminar, Kristofek spoke to the Orland Hills police officers who had assisted in the arrest of the driver. Kristofek was concerned that he, as well as the other Orland Hills police officers, were possibly involved in political corruption by fixing the traffic tickets and arrest of the driver of the 2000 Kia. Also, Kristofek was concerned that the officers were committing the crime of Official Misconduct by not forwarding the arrest documents to the Clerk's Office and/or State's Attorneys' Office.

22. Kristofek consulted with an attorney to obtain advice of what he should do to protect himself from possible civil and criminal liability. Since Kristofek's name was on the tickets, arrest paperwork and computer entries, Kristofek had a legitimate concern that he could be arrested and indicted for Official Misconduct for his role in the improper fixing of traffic tickets and potential political corruption. In addition, Kristofek was concerned about personal civil liability stemming from the arrest since the driver's mother filed a complaint with the Orland Hills Police Department pertaining to the arrest of her son.

23. Pursuant to the legal advice from the attorney, Kristofek contacted the Federal Bureau of Investigation ("FBI") to provide the FBI with the details of the arrest and Deputy Chief Blaha's order to release the male driver and void the arrest. Kristofek alerted the FBI to possible political corruption in the Orland Hills Police Department and/or Village of Orland Hills. At the time, Kristofek was not sure if order to release the driver came from the police department or the Mayor's Office. The FBI agent advised Kristofek that she would forward the information to the appropriate agent and there would be an investigation.

5

ELECTRONICALLY FILED
8/25/2011 11:18 AM
2011-L-008875
PAGE 6 of 13

24. After contacting the FBI, Kristofek met with and called the assisting Orland Hills police officers to advise them that he had contacted the FBI out of his concern that he and the other officers could be accused of improper ticket fixing and the commission of a crime by allowing the driver to evade prosecution. Kristofek had a good faith belief that whoever assisted the driver in evading prosecution for a valid arrest could be indicted for the crime of Official Misconduct and subject to discipline and/or personal liability.

25. After expressing his concerns about possible public corruption and illegal activity to co-workers, supervisors and outside law enforcement agencies, Kristofek continued to faithfully perform his duties as an Orland Hills police officer.

**Termination of Employment**

26. On April 21, 2011, Detective Brkovic directed Kristofek to report to Police Chief Scully's office. Deputy Chief Blaha was present with Chief Scully when Kristofek reported to Chief Scully's office.

27. Chief Scully angrily told Kristofek he heard that Kristofek had been speaking to other Orland Hills officers about possible corruption and illegal activity arising out of the release of the driver. Chief Scully told Kristofek that he heard that Kristofek told people that he and Deputy Chief Blaha could be indicted for assisting the driver evade prosecution. Kristofek told Chief Scully that he was concerned about exposing himself and the police department to criminal and civil liability and wanted no part of it.

28. During the meeting with Chief Scully and Deputy Chief Blaha, Kristofek advised Scully and Blaha that he reported the incident to an outside law enforcement agency to protect him from being accused of political corruption and illegal activity. Chief Scully admonished Kristofek that he needs to be able to trust his police officers and that he no longer trusted

6

Kristofek for speaking to other persons about the circumstances of the arrest of the driver.

29. After Chief Scully told Kristofek that he no longer trusted Kristofek, Chief Scully pointed to two pieces of paper on his desk and told Kristofek that Kristofek had two options. Chief Scully told Kristofek that he could either resign or be terminated. Chief Scully warned Kristofek that if he could not decide, Scully would decide for him. Kristofek advised Chief Scully that he had no intention of resigning from the police department since he had done nothing wrong.

30. After Kristofek refused to resign, Chief Scully immediately terminated Kristofek's employment with the Orland Hills Police Department. Deputy Chief Blaha and Detective Brkovic immediately escorted Kristofek out of the building in front of Kristofek's co-workers. Chief Scully did not provide Kristofek with an opportunity for a formal or informal hearing so that Kristofek could defend himself or contest his termination.

31. When Kristofek applied for unemployment benefits through the Illinois Department of Employment Security, the Village of Orland Hills filed a formal objection to Kristofek's request on the basis that Kristofek was insubordinate for refusing to participate in the scheme to void a legitimate arrest.

32. The two Orland Hills police officers who assisted Kristofek in the arrest of the driver have also left the Orland Hills Police Department.

## COUNT I – ILLINOIS WHISLEBLOWER ACT
(Refusal to participate in illegal activity)

33. Kristofek realleges paragraphs 1-32 of this Complaint as paragraphs 1-32 of Count I as though fully set forth herein.

34. Kristofek's continued refusal to acquiesce in Deputy Chief Blaha's order to void

ELECTRONICALLY FILED
8/25/2011 11:18 AM
2011-L-008875
PAGE 7 of 13

7

ELECTRONICALLY FILED
8/25/2011 11:18 AM
2011-L-008875
PAGE 8 of 13

the arrest of the male driver and delete information entered into the computer system constituted a refusal to engage in illegal activity.

35. Kristofek's complaint to the FBI regarding the voiding the arrest of the male driver constituted a further refusal to engage in illegal activity ordered by Kristofek's supervisor.

36. Chief Scully and Deputy Chief Blaha personally confronted Kristofek regarding Kristofek's refusal to go along with the voiding of the arrest and terminated Kristofek's employment because Kristofek did not, and would not, acquiesce in voiding the legitimate arrest.

37. The termination of Kristofek for refusing to engage in illegal activity is expressly prohibited by the Illinois Whistleblower Act, 740 ILCS 174/1 *et seq.*. Specifically, Section 174/20 states:

> "An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation, including, but not limited to, violations of the Freedom of Information Act."

38. A violation of the Illinois Whistleblower's Act is a Class A misdemeanor (740 ILCS 174/25) and further provides: "If an employer takes any action against an employee in violation of Section 15 or 20 [*740 ILCS 174/15* or *740 ILCS 174/20*], the employee may bring a civil action against the employer for all relief necessary to make the employee whole, including but not limited to the following, as appropriate:

> (1) reinstatement with the same seniority status that the employee would have had, but for the violation;
>
> (2) back pay, with interest; and
>
> (3) compensation for any damages sustained as a result of the violation, including litigation costs, expert witness fees, and reasonable attorney's fees.

8

WHEREFORE, Plaintiff, David Kristofek, prays for judgment in his favor and against Defendants Orland Hills award Kristofek reinstatement, back pay, compensatory damages, attorney fees and litigation costs and any other equitable or legal damages to which Kristofek is entitled in an amount in excess of thirty thousand ($30,000) dollars.

### COUNT II – ILLINOIS WHISLEBLOWER ACT
(Reporting of illegal activity)

39. Kristofek realleges paragraphs 1-38 of this Complaint as paragraphs 1-38 of Count II

40. The termination of Kristofek for reporting suspected illegal activity to an outside law enforcement agency expressly prohibited by the Illinois Whistleblower Act, 740 ILCS 174/1 *et seq.*. Specifically, Section 174/15(b) states:

> "(b) An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation."

41. A violation of the Illinois Whistleblower's Act is a Class A misdemeanor (740 ILCS 174/25) and further provides: "If an employer takes any action against an employee in violation of Section 15 or 20 [*740 ILCS 174/15* or *740 ILCS 174/20*], the employee may bring a civil action against the employer for all relief necessary to make the employee whole, including but not limited to the following, as appropriate:

> (2) reinstatement with the same seniority status that the employee would have had, but for the violation;
>
> (2) back pay, with interest; and
>
> (3) compensation for any damages sustained as a result of the violation, including

ELECTRONICALLY FILED
8/25/2011 11:18 AM
2011-L-008875
PAGE 9 of 13

litigation costs, expert witness fees, and reasonable attorney's fees.

WHEREFORE, Plaintiff, David Kristofek, prays for judgment in his favor and against Defendants Orland Hills and award Kristofek reinstatement, back pay, compensatory damages, attorney fees and litigation costs and any other equitable or legal damages to which Kristofek is entitled in an amount in excess of thirty thousand ($30,000) dollars.

### COUNT III – ILLINOIS WHISLEBLOWER ACT
### (Other Retaliation)

42. Plaintiff realleges paragraphs 1- 41 of this Complaint as paragraphs 1- 41 of Count III as though fully set forth herein.

43. The termination of Kristofek is expressly prohibited by the Illinois Whistleblower Act, 740 ILCS 174/20.1 *et seq.*. Specifically, Section 174/20.1 states:

"Any other act or omission not otherwise specifically set forth in this Act, whether within or without the workplace, also constitutes retaliation by an employer under this Act if the act or omission would be materially adverse to a reasonable employee and is because of the employee disclosing or attempting to disclose public corruption or wrongdoing."

44. A violation of the Illinois Whistleblower's Act is a Class A misdemeanor (740 ILCS 174/25) and further provides: "If an employer takes any action against an employee in violation of Section 15 or 20 [*740 ILCS 174/15* or *740 ILCS 174/20*], the employee may bring a civil action against the employer for all relief necessary to make the employee whole, including but not limited to the following, as appropriate:

(3) reinstatement with the same seniority status that the employee would have had, but for the violation;

(2) back pay, with interest; and

ELECTRONICALLY FILED
8/25/2011 11:18 AM
2011-L-008875
PAGE 10 of 13

ELECTRONICALLY FILED
8/25/2011 11:18 AM
2011-L-008875
PAGE 11 of 13

(3) compensation for any damages sustained as a result of the violation, including litigation costs, expert witness fees, and reasonable attorney's fees.

WHEREFORE, Plaintiff, David Kristofek, prays for judgment in his favor and against Defendants Orland Hills and award Kristofek reinstatement, back pay, compensatory damages, attorney fees and litigation costs and any other equitable or legal damages to which Kristofek is entitled in an amount in excess of thirty thousand ($30,000) dollars.

## COUNT IV – RETALIATORY DISCHARGE

45. Kristofek realleges paragraphs 1-44 of this Complaint as paragraphs 1-44 of Count IV as though fully set forth herein.

46. The Defendant, Orland Hills, through its agents, Chief Thomas Scully and Deputy Chief Michael Blaha, terminated Kristofek's employment on April 21, 2011.

47. The defendants terminated Kristofek's employment in retaliation for complaining about, and reporting, political corruption and possible illegal activity within the Orland Hills Police Department and/or Village of Orland Hills arising out of Kristofek's lawful arrest of the driver of the 2000 Kia.

48. Kristofek's discharge violates a clear mandate of public policy as Illinois has a clear public policy prohibiting employers from terminating employees in retaliation for the reporting of criminal activity and public corruption.

49. As a proximate cause of the defendants' actions in terminating Kristofek, Kristofek has suffered certain pecuniary and compensatory damages including back pay, emotional distress, humiliation, damage to reputation and attorney fees and costs.

WHEREFORE, Plaintiff, David Kristofek, prays for judgment in his favor and against Defendants Orland Hills and award Kristofek reinstatement, back pay, compensatory damages,

attorney fees and litigation costs and any other equitable or legal damages to which Kristofek is entitled in an amount in excess of thirty thousand ($30,000) dollars.

### COUNT V - 42 USC §1983 - FIRST AMENDMENT

*[handwritten margin note: all speech occurred in his employment - no 1st amend. protection]*

50. Kristofek realleges paragraphs 1-49 of this Complaint as paragraphs 1-49 of Count V as though fully set forth herein.

51. Kristofek statements to the other officers in the Orland Hills Police Department and the Federal Bureau of Investigation regarding possible political corruption, political favoritism and criminal activity were matters of public importance and concern.

52. Kristofek spoke to the FBI and other police officers within the police department in his capacity of a citizen contesting the unequal application of the laws to its citizens.

53. As a result of speaking out about possible political corruption, political favoritism and criminal conduct, suffered a deprivation to wit: termination of his employment with the Orland Hills Police Department.

54. Kristofek's speech was a motivating factor in Scully's decision to terminate Kristofek's employment with the Orland Hills Police Department.

WHEREFORE, Plaintiff, David Kristofek, prays for judgment in his favor and against Defendants Orland Hills and Thomas Scully award Kristofek reinstatement, back pay, compensatory damages, punitive damages, attorney fees and litigation costs and any other equitable or legal damages to which Kristofek is entitled in an amount in excess of thirty thousand ($30,000) dollars.

### COUNT VI – 740 ILCS 23/1 *et seq.* – ILLINOIS CONSTITUTION
(Free Speech)

55. Kristofek realleges paragraphs 1-54 of this Complaint as paragraphs 1-54 of

ELECTRONICALLY FILED
8/25/2011 11:18 AM
2011-L-008875
PAGE 12 of 13

ELECTRONICALLY FILED
8/25/2011 11:18 AM
2011-L-008875
PAGE 13 of 13

Count V as though fully set forth herein.

56. This count is brought pursuant to the Illinois Civil Rights Act of 2003 (740 ILCS 23/1 *et seq.*

57. To the extent Article I §§ 4 and 5 of the Illinois Constitution provide greater protection than the protections afforded by the First and Fourteenth Amendments of the U.S. Constitution, the Plaintiff seeks redress pursuant to 740 ILCS 23/1 *et seq.*

58. The Defendants terminate the Plaintiff in retaliation for engaging in speech and expressive conduct protected by Article I §§ 4 and 5 of the Illinois Constitution.

59. This Count is brought against all Defendants named in the caption above.

WHEREFORE, Plaintiff requests that judgment be entered against all of the Defendants, jointly and severally, for compensatory damages in a fair and reasonable amount, for punitive damages, for interest on Plaintiff's compensatory damages, at a rate set by law, for Plaintiff's costs; including Attorney's fees, an injunction barring any future retaliation against the Plaintiff, reinstatement, and for such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

| | |
|---|---|
| Jerome F. Marconi | Keith A. Karlson, Esq. |
| Attorney for Plaintiffs | Attorney for Plaintiffs |
| | |
| Jerome F. Marconi | Keith A. Karlson, Esq. |
| Law Offices of Jerome F. Marconi | Richard J. Reimer & Associates LLC |
| 555 W. Jackson, Suite 700 | 15 Spinning Wheel Road, Suite 310 |
| Chicago, Illinois 60661 | Hinsdale, Illinois 60521 |
| (312) 930-5645 | (630) 654-9547 |