# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID KRISTOFEK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11 C 7455 |
| | ) |
| VILLAGE OF ORLAND HILLS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Village of Orland Hills' (Village) bill of costs and on Defendant Thomas Scully's (Scully) bill of costs. For the reasons stated below, the bills of cost are granted in their entirety except for the costs relating to the special process servers

## BACKGROUND

On August 7, 2014, this court granted Defendants' motions for summary judgment. The Village now requests an award of $3,454.45 for costs. Scully now requests $1,727.40 for costs. Plaintiff David Kristofek (Kristofek) objects to the bills of costs.

1

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) (Rule 54(d)) provides that the prevailing party shall be allowed to recover costs other than attorneys' fees as a matter of course, unless a statute or other rule states otherwise or the court specifically disallows such costs. Fed. R. Civ. P. 54(d); *see also* 28 U.S.C. § 1920 (setting forth costs that are generally recoverable). The Seventh Circuit has made it clear that in reviewing a bill of costs, the district court should keep in mind that "[t]here is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). In addition to making sure that the requested costs are recoverable, a district court must also ensure that the costs are reasonable and "necessary to the litigation. . . ." *Little v. Mitsubishi Motors North America, Inc.*, 514 F.3d 699, 702 (7th Cir. 2008); *see also Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000)(referring to recoverable and reasonable considerations and to the "heavy presumption in favor of awarding costs").

## DISCUSSION

I.  Denial of Bill of Costs in Entirety

Kristofek contends that the bills of costs should be denied in their entirety, arguing that Defendants have failed to show that the costs were reasonable and

necessary, that Defendants failed to comply with Local Rule 54.1, that Defendants failed to attach required affidavits to the bill of costs, and that Kristofek would suffer a financial hardship if forced to pay the costs. (Ans. 2, 8).

A.  Overall Reasonableness of Costs

Kristofek argues in conclusory fashion that the bills of costs should be denied outright in their entirety because the amounts were not reasonable and necessary. There is a presumption that a court should award recoverable costs that are "reasonable and necessary." *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995)(stating that "district courts enjoy wide latitude in determining and awarding reasonable costs"); *see also Jones v. Chicago Bd. of Educ.*, 2013 WL 2422653, at *1 (N.D. Ill. 2013)(stating that "[t]here exists a strong presumption that the prevailing party may recover reasonable and necessary litigation costs from the losing party"); *Life Plans, Inc. v. Security Life of Denver Insurance Company*, 2014 WL 2879881, at *2 (N.D. Ill. 2014)(stating that the presumption in favor of awarding costs "does not, however, relieve the prevailing party of the burden of establishing that potentially recoverable costs it incurred were reasonable and necessary"); *Interclaim Holdings Ltd. v. Ness, Motley, Loadholt, Richardson & Poole*, 2004 WL 557388, 1 (N.D. Ill. 2004)(stating that "[i]n reviewing a bill of costs, the court will determine whether the costs are allowable and reasonable both in their amount and their necessity to the litigation").

3

Defendants have provided sufficient itemization and documentation for the court to assess the reasonableness of the requested costs. Defendants seek a total recovery of $5,181.85. Such an amount is entirely reasonable considering the type of claims presented in this multi-defendant case, and the need to conduct discovery and prepare for dispositive motions. Defendants have shown that the costs itemized were related to the preparation of their defenses and dispositive motions. Defendants have also provided sufficient explanations in their filings to show that the costs incurred were reasonable and necessary. Kristofek has not shown that the costs requested were such that the bills of costs should be denied in their entirety.

### B. Local Rule 54.1

Kristofek contends that Defendants failed to comply with Local Rule 54.1. Specifically, Kristofek asserts that $535 in court reporter attendance fees are not recoverable under Local Rule 54.1. However, as is explained below, such fees are in fact recoverable under Local Rule 54.1. In addition, even if such costs were not recoverable and should be stricken from the bill of costs, that would not provide sufficient justification to deny the bills of cost in their entirety.

### C. Affidavits

Kristofek argues that Defendants failed to attach affidavits to the bills of costs as required pursuant to 28 U.S.C. § 1924 (Section 1924) and 28 U.S.C. § 1920

(Section 1920). Section 1924 states the following:

> Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

28 U.S.C. § 1924; *see also* 28 U.S.C. § 1920 (stating that "[a] bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree"). Kristofek contends that Defendants were required to provide affidavits swearing that the requested costs were necessary and reasonable. However, as Defendants correctly point out, the AO 133 form that was electronically signed by Defendants includes the following declaration (Declaration): "I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." (AO 133 Form). The Declaration mirrors the statutory language of Section 1924 and satisfies the purpose of requiring those seeking costs to provide a sworn written statement regarding the necessity of the costs incurred. *See Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 216 (7th Cir. 1975)(indicating that the purpose of the affidavit is to require the declarant to swear in writing to the necessity of costs "based on the affiant's knowledge or on business records available to him" rather than "a mere oral assertion of the attorney for the prevailing party"). The Declaration includes a sworn statement under penalty of perjury and the AO 133 form includes an itemization of costs. The AO 133 form and Declaration are thus

5

sufficient to comply with Section 1924 and Section 1920. *See Plyler v. Whirlpool Corp.*, 2012 WL 5845428, at *1 n.2 (N.D. Ill. 2012)(stating that the "form approved by the Administrative of Office of the United States, AO 133, which contains a 'Declaration' electronically signed by Whirlpool's attorney under penalty of perjury that is substantially the statutory language of 28 U.S.C. § 1924. . . meets the requirements for an affidavit under 28 U.S.C. § 1924"); *Hardwick v. Sunbelt Rentals, Inc.*, 2010 WL 3270053, at *2 (C.D. Ill. 2010)(stating that the declaration in AO 133 form "suffices as the affidavit required by § 1924"). Thus, Kristofek has not shown that the bills of costs should be denied in their entirety due to the lack of attached affidavits.

### D. Financial Hardship

Kristofek argues that assessing costs against him will cause him a "significant hardship." (Ans. 8). In determining whether to award costs, a court can consider whether such award will cause an exceptional financial hardship to the losing party. *Rivera v. City of Chi.,* 469 F.3d 631, 635 (7th Cir. 2006); *Jones v. Chicago Bd. of Educ.*, 2013 WL 2422653, at *1 (N.D. Ill. 2013). However, the initial burden for such a hardship objection is upon the losing party to present the court "with an affidavit and a schedule of expenses or other documentary evidence pertaining to the individual's income and liabilities." *Jones*, 2013 WL 2422653, at *1. In the instant

action, Kristofek asserts in a conclusory fashion that his "financial statute [sic] is bordering on indigence." (Ans. 8). Kristofek also has filed an affidavit with some general information, but fails to include specific documentation to show that he is truly indigent. There is nothing unfair in requiring Kristofek, who decided to bring this action and cause such expenses to Defendants, to pay the $5,181.85 in costs and he has not shown that payment of such an amount would cause an undue financial hardship to him.

II. Reduction in Recoverable Costs

Kristofek also argues in the alternative that the recoverable costs should be reduced.

A. Documentation and Itemization

Kristofek contends that Defendants have not provided sufficient documentation or itemization for the requested costs. If a defendant does not adequately provide an itemization or documentation for certain costs, such costs may be denied. *Montanez v. Simon*, 755 F.3d 547, 559 (7th Cir. 2014) (stating that "[w]hen a fee petition is . . . inadequately documented, a district court may . . . strike the problematic entries")(internal quotations omitted)(quoting *Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir. 2000)). Contrary to Kristofek's assertion, Defendants have provided extensive documentation and itemization for

7

their requested costs, which sufficiently detail the costs incurred in this case.

Kristofek also presents specific objections as to itemization which lack any merit. For example, Kristofek contends that the Village failed to attach an invoice for the claimed cost of $346.80 for the depositions of John Daly and Kyle Hastings. (Ans. 4). However a review of the record in this case shows that the Village has provided an invoice dated November 11, 2013, for the $346.80 charge. (DE 165-2; 166). Kristofek also contends that Defendants presented tables that are "self-serving" and bills "without itemized explanation," and that Defendants should provide a more detailed itemization of costs. (Ans. 2 n.1). However, the Seventh Circuit has made clear that such a level of detail is not required to support a bill of costs. *See National Organization for Women, Inc. v. Scheidler*, 750 F.3d 696, 698 (7th Cir. 2014)(stating that "[h]aving a lawyer devote the time necessary to demonstrate the necessity of each transcript and every copy of a document would be far more costly than the copying itself" and stating that "[n]o sensible legal system requires parties to waste $60 of lawyers' time to explain spending $6 on making a copy of something"). Thus, Defendants have provided sufficient documentation and itemization for their requested costs.

### B. Duplicative Charges

Kristofek objects to certain charges for multiple copies of transcripts which he contends are unwarranted duplicative charges. While a court may decline to award

cost for transcripts "provided merely for the convenience of the requesting attorney," a transcript need not be "absolutely indispensable in order to provide the basis of an award of costs." *Majeske*, 218 F.3d at 825 (internal quotations omitted)(quoting *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993)).

Kristofek argues that "[t]here is no basis or justification for both Defendants to each purchase copies of the same transcripts used by both Defendants." (Ans. 6). However, Kristofek brought separate claims against the Village and Scully, and such parties are represented by different counsel who needed their own records and needed to separately go over the case with their clients. The Village and Scully also filed separate motions for summary judgment. Thus, obtaining separate copies of transcripts for counsel of Village and Scully was a practical necessity and was more than merely purchasing copies for the convenience of counsel. Thus, Kristofek has not shown that Defendants are seeking to recover costs for unwarranted duplicative charges.

### C. Attendance Fees

Kristofek argues that $535.00 for court reporter attendance fees are not recoverable. Kristofek cites only to Local Rule 54.1. Local Rule 54.1 states in part the following:

> Court reporter appearance fees may be awarded in addition to the per page limit, but the fees shall not exceed the published rates on the Court website unless another rate was previously provided by order of court. Except as

>otherwise ordered by the court, only the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court shall be allowed.

LR 54.1. Kristofek fails to explain why he believes that the attendance fees sought by Defendants are not recoverable under Local Rule 54.1. Local Rule 54.1 specifically allows the prevailing party to recover such fees and there is no indication that the fees exceeded the published rates. *See Porter v. City of Chicago*, 2014 WL 3805681, at *3 (N.D. Ill. 2014)(stating that "Local Rule 54.1(b) permits awards of court reporter attendance fees up to $110 for a half day and $220 for a full day"); *Zamora v. Wier*, 2014 WL 2464730, at *2 (N.D. Ill. 2014)(explaining that "Local Rule 54.1 . . . allows for recovery of court reporter attendance fees not to exceed $110 for one half day (4 hours or less), and $220 for a full day"). Thus, Defendants have shown that the court reporter attendance fees are recoverable. The amounts sought by Defendants for attendance fees also fall within the prescribed limits.

### D. Special Process Servers

Kristofek argues that the costs for the special process servers for the service of subpoenas on Carol Marshall (Marshall) are not recoverable. Defendants request $73.30 for service of Marshall by the U.S. Marshal Service. Kristofek argues that Defendants could have merely mailed the documents to Marshall by certified mail instead of serving the documents. Defendants acknowledge that subpoenas are routinely mailed and have not provided justification to show exceptional circumstances in this case that warranted the hiring of a process server for the

Marshall subpoenas. Therefore, the requested cost amount will be reduced by $73.30.

III. Stay of Enforcement

Kristofek requests in the alternative that the court stay the enforcement of the award of the bills of cost, pending the outcome of his appeal. As indicated above, there is a presumption pursuant to Rule 54(d) that the prevailing party will be allowed to recover costs. Kristofek has not shown a likelihood of success on the merits of his appeal or presented sufficient justification to warrant any delay in the enforcement of the award of costs. *See Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994)(stating that "costs are appealable separately from the merits; a district court may award costs even while the substantive appeal is pending"); *see also* Fed. R. Civ. P. 62 (addressing stay of enforcement of a judgment); *Bell v. Columbia St. Mary's Inc.*, 2009 WL 499058, at *1 (E.D. Wis. 2009)(denying request to stay in part because the "plaintiff ha[d] not demonstrated any likelihood of success on the merits of her appeal"). Therefore, Kristofek's request for a stay of enforcement is denied.

## CONCLUSION

Based on the foregoing analysis, the court awards Scully $1,654.10 in costs, and the Village $3,454.45 in costs.

                                                                 _____
                                                                 Samuel Der-Yeghiayan
                                                                 United States District Court Judge

Dated:   December 15, 2014